UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-81043-Civ-Matthewman

DANIEL HAROLD SMILOWITZ,

    Plaintiff,
v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

FILED BY KJZ D.C.

Oct 12, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER AWARDING ATTORNEY'S FEES AND COSTS
UNDER THE EQUAL ACCESS TO JUSTICE ACT ("EAJA")**

THIS CAUSE is before the Court upon Plaintiff's Motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) ("Motion"). [DE 40]. Defendant filed a response to the Motion, advising that Defendant does not oppose Plaintiff's requested relief for EAJA fees in the amount of $5,260.65 for 22.5 hours of attorney representation and 8.4 hours of paralegal services, and also does not oppose Plaintiff's request for $17.25 in expenses and $400.00 in costs. [DE 41]. Having reviewed the record and being otherwise duly advised, Plaintiff's Motion [DE 40] is **GRANTED** and Plaintiff is awarded a total of $5.260.65 in attorney's fees, $17.25 in expenses, and $400.00 in costs.

    **I.**    **BACKGROUND**

On July 3, 2020, Plaintiff initiated this case by filing a Complaint [DE 1] under the Social Security Act seeking judicial review of Defendant's final decision denying his claim for disability benefits. On March 1, 2021, Defendant filed an Answer [DE 17] and a certified copy of the underlying administrative record [DE 18]. On June 25, 2021, Defendant filed an unopposed motion to reverse and remand this case under sentence four of Title 42 U.S.C. § 405(g). [DE 37]. On June

28, 2021, the Court granted the motion to remand [DE 38] and entered Final Judgment [DE 39]. Plaintiff has now filed the instant Motion requesting relief for EAJA fees in the amount of $5.260.65 for 22.5 hours of attorney representation and 8.4 hours of paralegal services, $17.25 in expenses, and $400.00 in costs.

## II.   ANALYSIS

### A. Entitlement to EAJA Award

Under the EAJA, a party is entitled to an award of attorneys' fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d).

A plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n. 20 (11th Cir. 1990). An EAJA motion must allege that the Commissioner's position was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and, if alleged, the Commissioner bears the burden to show that it was, *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

The first four conditions are met here, and, as to the fifth one, no equitable consideration is apparent or presented that would make an EAJA award unjust. Plaintiff prevailed because the Court ordered a sentence-four remand. Plaintiff's Motion is timely. Plaintiff's net worth was less than $2 million when he filed the case as demonstrated by his financial affidavit. [DE 40-8]. The Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner does not seek to show otherwise. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Plaintiff is entitled to an EAJA award.

### B.     *Reasonableness of Amount Requested*

Having found that Plaintiff is entitled to an EAJA award, the only remaining issue is whether the requested amount is reasonable. The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step . . . is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

The party seeking fees must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Here, Plaintiff is represented by attorney Suzanne Harris, Esq. Plaintiff seeks a total EAJA award of $5.260.65—to account for 22.5 hours of attorney representation at an hourly rate of $203.94 and 8.4 hours of paralegal services at an hourly rate of $80. Attorney Harris has provided a time log [DE 40-4, 5], which contains a detailed breakdown of the tasks performed, when the tasks were performed, and how long it took to perform them. Attorney Harris also requests $17.25 in expenses for certified mailing and $400.00 in costs for the filing fee in this case. [DE 40-6, 7]

Drawing upon its own knowledge and expertise in the award of attorney fees, the Court finds that the hours spent are reasonable and that the hourly rate sought—which accounts for applicable cost of living adjustments, 28 U.S.C. § 2412(d)(2)(A)(ii)—is in full accord with applicable statutory standards. *See Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."). Attorney Harris specializes in handling social security appeals, as reflected in her many appearances before this Court. Her work in this case included communicating with her client about this case; reviewing the underlying administrative record; researching the issues involved and applicable law; and reviewing case filings. The Court readily finds that Plaintiff is entitled to the requested attorney fee amount of $5.260.65. The Court also finds that Plaintiff is entitled to the requested $17.25 in expenses and $400.00 in costs.

### C.     *Assignment of Fees*

An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Because Plaintiff is eligible for an EAJA award and his requested amount is reasonable, the Court grants the motion and awards Plaintiff the fees sought. Plaintiff has assigned any fees awarded under EAJA to his attorney. [DE 40-1, 8]. With such assignment in place, if the U.S. Department of

the Treasury determines that Plaintiff does not owe a federal debt, any remaining EAJA fees should be paid in Plaintiff's name but sent directly to Plaintiff's counsel.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's Motion [DE 40] is **GRANTED**. Plaintiff is hereby awarded a total of $5.260.65 in attorney's fees, $17.25 in expenses, and $400.00 in costs. The EAJA fees shall be made payable to Plaintiff and sent to Plaintiff's counsel's office after the Commissioner determines whether Plaintiff owes any federal debt.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of October, 2021.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge